# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TERRENCE G. DASH,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:07-cv-1200-Orl-19GJK**

**MAEWEATHERS TRANSPORTATION,
INC. and MICHAEL MAEWEATHERS,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO REOPEN THIS ACTION AND MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 24)** |
| **FILED:** | **August 1, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff and Defendants jointly move the Court to reopen the case and approve their settlement of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA").

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section

> 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).

The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the settlement is a fair and reasonable resolution of a bona fide dispute. The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. Each party was represented by independent counsel, who were obligated

to vigorously represent their client. According to Plaintiff's answers to the Court's interrogatories, he sought $4,135.40 in unpaid overtime compensation, representing $2,067.70 in unpaid overtime compensation owed and $2,067.70 in liquidated damages. Doc. No. 13-2 at 2. Plaintiff sought an additional $640 in unpaid wages. Doc. No. 13-2 at 2. However, Plaintiff acknowledges that the Defendants had a good faith argument that Plaintiff was exempt from the overtime requirements of the FLSA and, therefore, Plaintiff has agreed to less than his original claims as part of the settlement. Doc. No. 24 at ¶ 7. The parties agreed to settle Plaintiff's unpaid wages/overtime claim for $2,000, representing $1,000 in unpaid wages and $1,000 in liquidated damages. Plaintiff's counsel will receive $3,500 in attorney's fees and costs. Plaintiff's counsel will receive $750 initially followed in sixty days with $2,750 in attorney's fees and costs. The Court finds the proposed settlement in exchange for Plaintiff's release of claims and dismissal of the action with prejudice to be fair and reasonable.

**IT IS RECOMMENDED THAT**:

1. The Court grant the motion to approve the settlement only to the extent that it is a fair and reasonable resolution of a bona fide dispute; and

2. The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 9, 2008.

Copies furnished to:

The Honorable Patricia C. Fawsett

Counsel of record.

/s/ Greg Kelly
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE